David M. Miller, WSBA # 24586
421 W Riverside Ave - Ste. 304
Spokane, WA  99201
(509) 747-8157

Attorney for Defendant
Jordy Scott DeBoer

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No.  23-CR-00041-TOR-1 |
|---|---|
| Plaintiff, | No.  22-CR-00094-TOR-2 |
| v. | DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND VARIANCE |
| JORDY SCOTT DEBOER, | |
| Defendant. | |

TO:  UNITED STATES OF AMERICA and

AUSA CAITLIN A. BAUNSGARD

JORDY S. DEBOER, through Counsel, moves the Court for an order allowing for a downward departure and variance from the United States Sentencing Guidelines.

Under 18 U.S.C. 3553(a) there are seven factors to be considered in

Motion for variance
Page 1

Miller & Prothero
Attorneys at Law
421 W Riverside Ave – Ste 304
Spokane, Washington  99201
(509) 747-8157

sentencing.

1. The nature and circumstances of the offense and the history and characteristics of the defendant.

2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct

3. To protect the public from further crimes of the defendant.

4. The kind of sentence and the sentencing range.

5. Any pertinent policy statement.

6. The need to avoid unwarranted sentence disparities among defendants with similar records.

7. The need to provide restitution to any victims of the offense.

## ARGUMENT

Under **Koon v United States**, *518 U.S. 81 (1996)*, all defendants who appear before a judge for sentencing shall be considered individuals and a unique study in human failings. Mr. DeBoer has dealt with an improper childhood and addictions to multiple illegal drugs throughout his life. His actions and omissions are mostly a result of these issues, and he is asking the Court for mercy in his cases.

Motion for variance
Page 2

Miller & Prothero
Attorneys at Law
421 W Riverside Ave – Ste 304
Spokane, Washington  99201
(509) 747-8157

Here, sentencing Mr. DeBoer to the number of months indicated by the guidelines would be a gross injustice, imposing a punishment greater than necessary to satisfy the purposes under §5K2.20.  *U.S. v. Redemann, 295 F.Supp.2d 887 (E.D. Wisc. 2003)*.

Mr. DeBoer grew up witnessing various men abuse him and his mother. (PSIR paragraphs 131, 133, 134, and 135).  Under ***U.S. v. Deigert****, 916 F.2d 916 (4th Cir. 1990)*, such history may be considered by the Court in sentencing.

Mr. DeBoer had a horrific childhood.  He was basically raised without parents and without protection from sexual assault.  His mother married and divorced often, and each time managed to find Mr. DeBoer an abusive step-father. (PSIR paragraphs 131, 133, 134, and 135).  Despite the rules where Court should not consider socio/economic backgrounds of those it sentences, it may look to a person's childhood to determine if there are factors which contributed to their actions.  ***United States v Lopez****, 938 D.2d 1293 (D.C. Cir. 1991)* and affirmed in ***United States v. Burney****, 992 F.3d 398 (5th Cir 2021)*.  Mr. DeBoer is open to receiving assistance to deal with his past and looks forward to healing.

Jordy DeBoer seeks relief under 18 U.S.C. §3553(6) for a sentence that is

Motion for variance
Page 3

**Miller & Prothero**
**Attorneys at Law**
**421 W Riverside Ave – Ste 304**
**Spokane, Washington  99201**
**(509) 747-8157**

proportional to his blameworthiness relative to his co-defendants.  Mr. DeBoer has plead guilty and understands he must be sentenced to prison.  Mr. DeBoer was not the mastermind; he was more of a "foot soldier" who had to carry out the tasks involving risk of arrest.  He was not a decision maker.

Mr. DeBoer is a drug addict.  He started using drugs and alcohol at a very young age, and this has been the one consistent part of his life.  (PSIR paragraphs 131, 133, 134, and 135).  Mr. DeBoer admits to his addictions and understands they are a significant contribution to his criminal behavior.  Mr. DeBoer witnessed addictive and violent behavior on a daily basis as he was growing up.  To him, this behavior of addiction is normal, and he understands he must obtain the tools from treatment so he may avoid falling back into the same pattern.  See generally U.S.S.G. §5H1.4.

## CONCLUSION

Mr. DeBoer has a terrible and tragic history.  All of his history is directly related to his addiction to harsh illegal substances.  The Court may easily see how this is related to his tragic childhood and the memories he must face every day for the rest of his life.  He has a willingness to heal and desires assistance in this process.  Throwing away such a person to prison for

Motion for variance
Page 4

Miller & Prothero
Attorneys at Law
421 W Riverside Ave – Ste 304
Spokane, Washington  99201
(509) 747-8157

decades will not improve society.  Mr. DeBoer should be sentenced to a term no greater than 132 months, with release conditions forcing him to remain sober and to get the help he requires.

Respectfully submitted this 14th day of June, 2024, by:

        /s/ David M. Miller
        David M. Miller – WSBA #24586
        Attorney for Jordy DeBoer

Motion for variance
Page 5

Miller & Prothero
Attorneys at Law
421 W Riverside Ave – Ste 304
Spokane, Washington  99201
(509) 747-8157

AFFIDAVIT OF SERVICE

I declare under penalty of perjury that on this date I electronically filed the foregoing document with the Federal Court Clerk, which will send notification to the Honorable Judge Rice, U.S. Attorney Caitlin Baunsgard, and U.S. Probation. I further declare that a copy was sent to the Defendant via US Mail.

Dated this 14th day of June, 2024.

      /s/  Lila L Peterson
    Assistant to David M. Miller

Motion for variance
Page 6

**Miller & Prothero**
**Attorneys at Law**
**421 W Riverside Ave – Ste 304**
**Spokane, Washington  99201**
**(509) 747-8157**