Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-CR-00094-TOR-2 |
| Plaintiff, | 2:23-CR-00041-TOR-1 |
| v. | SENTENCING MEMORANDUM |
| JORDY SCOTT DEBOER, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Sentencing Memorandum.

**A.    PRE-SENTENCE INVESTIGATION REPORT**:

The United States does not have any pending objections to the PSIR (ECF. 96). The Defendant filed an objection to the 3-level enhancement pursuant to USSG §3C1.3.  *See* ECF. 103.  However, the Defendant agreed to this enhancement in the Plea Agreement:

SENTENCING MEMORANDUM - 1

> d. *Commission of Offense While on Pre-Trial Release*:
> The United States and Defendant recommend a 3-level increase to the Base Offense Level is applicable as Defendant committed the offense while on federal pre-trial release in violation of 18 U.S.C. § 3147. *See* USSG §3C1.3.

ECF. 90 at p. 12. The Defendant has not asserted any new facts or circumstances calling the application of this enhancement into question. Accordingly, the United States recommends the Court adopt the PSIR without change.

B.     **SENTENCING RECOMMENDATION**:

Based on the totality of the circumstances, the United States recommends a term of incarceration of 292 months of incarceration to be followed by 5 years of supervised release.

The Defendant was convicted of serious offenses. During his first encounter with federal agents, the Defendant was in possession of a significant amount of drugs. The Defendant, at his request, was provided the opportunity for treatment to address his clear and unquestionable substance abuse issues. The Defendant did not take advantage of that opportunity. *See e.g.* ECF. 20. Instead, the Defendant dove further into his preferred lifestyle, and used a new individual to assist him, his co-defendant Matthew SAILORS. After using SAILORS to sell drugs to a confidential informant, search warrants were executed at the Motel 6 in Spokane Valley, Washington where he was residing. Given the dynamic nature of the warrants, the entire motel was placed on lockdown and countless patrons were inconvenienced.

This time, the amount of drugs at issue was staggering – approximately 25 pounds of fentanyl-laced pills (approx. 83,000 pills), 2 pounds of methamphetamine, and 1 pound of cocaine. There was also about $13,000 in U.S. Currency and 2 firearms seized. It cannot be ignored that the Defendant, fresh out of treatment, would know how dangerous his conduct was and the risk he would be placing himself and the community in based on his continued, and now escalated criminal activities. There were large amounts of drugs located in various vehicles and backpacks;

SENTENCING MEMORANDUM - 2

however, most of the drugs were in this black Adidas-brand bag the Defendant dropped when he observed the SWAT team moving in to arrest him (pictured below). At the same time, he also removed a loaded firearm from his waist band and discarded it in the motel hallway. Thankfully, police were able to recover it.






Bates 200003, 200005, 2000012, 2000015.

As outlined in the PSIR, this is not the Defendant's first time in the criminal justice system, and it appears involvement with drug trafficking has been a part of the Defendant's life since at least the age of 17. His criminal history also shows clear anger issues as well as a pre-occupation with his own wants, without regard to the consequences of his actions.

It is not clear what can convince the Defendant to change his mindset. So far, he has had several opportunities for treatment, and reported talking classes while in state custody which appear related to his anger issues and domestic violence. However, he repeated this behavior upon his release. A significant prison sentence appears necessary to deter the Defendant's criminal inclinations as well as protect the public from his actions.

SENTENCING MEMORANDUM - 3

Based on the totality of the circumstances, the United States recommends the proposed sentence of 292 months adequately balances the 18 U.S.C. § 3553(a) factors and constitutes a sufficient but not greater than necessary sentence needed to achieve the goals of sentencing.

DATED this 2nd day of July, 2024.

>Vanessa R. Waldref
>United States Attorney
>
>***s/Caitlin Baunsgard***
>Caitlin Baunsgard
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David Miller

>***s/Caitlin Baunsgard***
>Caitlin Baunsgard
>Assistant United States Attorney